JOHN W. VICK ET AL. *v.* LANE, HAZLEHURST & Co.

1. CREDITORS' BILL. *Against corporation and stockholders. Necessary parties.*
In a proceeding by judgment-creditors of an insolvent corporation, for the purpose of compelling stockholders to pay up the amounts due on their subscriptions to the capital stock, and to have the same appropriated to the judgments of such creditors, all of the solvent stockholders of the corporation within the jurisdiction of the court must be joined as defendants, except where there are so many as to justify the allegation that they are too numerous to be all made parties.

2. SAME. *Parties. Decree. Case in judgment.*
Two judgment-creditors of an insolvent corporation filed a bill in chancery, for themselves and all other such creditors who might come in, against the cor-

poration and three of its stockholders, alleging the insolvency of the corporation, and praying for an account of the balances of subscription due by the defendant stockholders, and for the appropriation of the same to the judgments of the complainants and of others who might come into the case. The bill alleged that all of the solvent stockholders of the corporation were made defendants, but the answer developed the fact that some had been omitted· The bill was dismissed as to one of the complainants, and, without any other change in the pleadings, the court rendered a decree *in personam* and *in solido* against the three several defendant stockholders. *Held*, that the decree is erroneous.

3. INSOLVENT CORPORATION. *Liability of stockholders. Remedy of creditors. Sect. 2413, Code 1871.*

Sect. 2413 of the Code of 1871 provides that, "in all joint-stock corporations, each stockholder shall be individually liable for the debts of the corporation, contracted during his ownership of stock, for the amount that may remain due or unpaid for the stock subscribed for by him, and may be sued by any creditor of the corporation," etc. Under this section, each stockholder is severally liable to, and may be sued by, each judgment-creditor of the corporation; but exceptional circumstances must be shown to justify a suit by one against many, or by many against one or all. The statute seems to contemplate an action at law as the remedy; but as to whether a bill in equity would not lie, no opinion is expressed.

APPEAL from the Chancery Court of Warren County.

Hon. U. M. YOUNG, Chancellor.

The case is stated in the opinion of the court.

*A. B. Pittman,* for the appellants.

1. This proceeding is by a creditors' bill, to subject the unpaid subscriptions of three stockholders of a corporation to the payment of the judgments of its creditors generally; and as such it is fatally defective in not joining all of the solvent resident stockholders as parties defendant. *Mann* v. *Pentz,* 3 Comst. 423; *Wood* v. *Dummer,* 3 Mason, 308; *Vose* v. *Grant,* 15 Mass. 491; *Spear* v. *Grant,* 16 Mass. 15. In order to dispense with parties because too numerous, it must be so alleged, and must be true. Barb. on Parties, 469; Story's Eq. Pl., sect. 116 *et seq.* There is no such allegation in the bill.

2. Sect. 2413 of the Code of 1871 has no application in this case. The remedy therein provided is by an action at law. The statute gives a several right of action to each cred-

itor of an insolvent corporation, and each stockholder is made severally liable ; therefore each creditor has a clear, full, and adequate remedy at law against each stockholder, and equity has no jurisdiction under this provision.

3. The decree is wrong in any view, for it granted relief which was not sought by the bill, nor authorized by the pleadings.

*L. W. Magruder*, for the appellees.

1. It is doubtful whether sect. 2413 of the Code of 1871 has conferred any legal remedy at all, or has done any thing more than to define and limit the liability of stockholders for unpaid subscriptions, leaving the enforcement of the rights of creditors in respect thereto to chancery only.

2. But if the statute does provide a legal remedy, equity retains a concurrent jurisdiction. The statute only applies to judgment-creditors ; and if a legal remedy is given, it is not exclusive, and, therefore, does not oust the jurisdiction of equity. The jurisdiction of chancery existed before the enactment of this statute, which did not change the nature of the subject-matter, the character of the liability, or the mode of relief. It only changed the measure of liability. And, as to the measure of redress, equity follows the law. Story's Eq. Pr., sect. 64, and cases cited.

It is obvious that the statute did not confer exclusive jurisdiction upon courts of law, for the reason that in chancery any number of stockholders may be joined as defendants, and a multiplicity of suits thus avoided, which could not be done at law.

CHALMERS, J., delivered the opinion of the court.

The bill was filed by two judgment-creditors of the Vicksburg and Memphis Railroad Company, suing for themselves and all others who might come in. It alleged the insolvency of the corporation, and sought to reach the amount due by three stockholders on their subscriptions to the capital stock. The corporation and these three stockholders only were made de-

fendants, upon an allegation that they were the only solvent stockholders within the jurisdiction. The prayer was for an account, and for an appropriation of the amount due by the stockholders to the judgments of complainants, and of such others as might come in. The answer disclosed the fact that there were other solvent stockholders within the jurisdiction, and that, owing to an arrangement which had been perfected among the stockholders, some of those not joined had, as among themselves, become primarily liable in exoneration of the defendants.

This disclosure rendered a further prosecution of the bill as a general creditors' bill to subject and distribute the assets of the corporation impracticable without amendment, since in such a proceeding, where the attempt is to reach the liability of the shareholders on their subscriptions to capital stock, all the solvent stockholders within the jurisdiction must be joined, except where this will be excused upon an allegation that the number is too great. *Umsted* v. *Buskirk*, 17 Ohio St. 113; *Wright* v. *McCormick*, 17 Ohio St. 86; *Mann* v. *Pentz*, 3 Comst. 416; *Smith* v. *Huckabee*, 53 Ala. 191; *Wood* v. *Dummer*, 3 Mason, 308.

Instead of amending, complainant's solicitor dismissed his bill as to one of the complainants, and, thereupon, without any change in the pleadings, was granted a decree *in personam* and *in solido* against each one of the three defendant stockholders for the amount of the judgment held by the remaining complainant against the corporation. The result was, that a creditors' bill filed by two, for the benefit of themselves and all others, against an insolvent corporation and its shareholders, was, without amendment, converted into an individual proceeding by one creditor against three shareholders only, and a personal decree obtained as upon an individual indebtedness between the parties.

This result, whereby a relief not contemplated nor asked by the bill was granted, is sought to be justified under sect. 2413 of the Code, which provides that " in all joint-stock

corporations each stockholder shall be individually liable for the debts of the corporation, contracted during his ownership of stock, for the amount or balance that may remain due or unpaid for the stock so subscribed for by him, and may be sued by any creditor of the corporation, and such liability shall continue for one year after the sale or transfer of the stock.''

Undoubtedly this section established an individual liability between each delinquent shareholder and each creditor of the corporation who has reduced his demand to judgment. The statute seems to contemplate an action at law as the means of enforcing this liability, though we will not say that a bill in equity would not lie. But it is a several, and not a joint, liability. Each shareholder is subject to suit by each creditor, and some exceptional circumstances must be shown to justify the institution of a suit by one against many, or many against one or against all. The necessity for discovery, and the avoidance of a multiplicity of suits, and perhaps other considerations, might justify a resort to chancery and the joinder of several or of all the delinquent shareholders in one litigation, though upon this we express no opinion.

No such exceptional circumstances are here shown, nor is any thing suggested which warranted the wide departure between the pleadings and the decree.

Decree reversed and bill dismissed without prejudice.