IN RE PETITION OF THE ATTORNEY GENERAL RELATIVE TO RULES OF THE SUPREME COURT IN ORIGINAL CASES.

FILED MAY 2, 1894. No. 6801.

1. **Supreme Court:** JURISDICTION IN ORIGINAL CASES. The provision of section 2, article 6, of the constitution, that the supreme court shall have jurisdiction in civil cases in which, the state shall be a party, *held*, to have already been sufficiently supplemented by legislation to obviate the objection that the legislature has not provided by law in what manner suit should be brought as required by section 22 of said article of the constitution, even though the first above quoted constitutional provision may not be self-executing, which is not decided.

2. ———: ———. The original jurisdiction conferred by the constitution upon the supreme court, when not expressly restricted, is concurrent with that of the district courts of proper counties,

and will be entertained in such cases and manner, and upon such terms, as shall be prescribed by said supreme court by its order made in each case before commencement of the action and in accordance with its rules already or hereafter formulated.

PETITION of attorney general for rules relative to original cases in the supreme court.

The substance of the petition is stated in the opinion.

*George H. Hastings, Attorney General,* and *E. Wakeley,* for petitioner:

Section 2, article 4, of the constitution confers upon the supreme court original jurisdiction in civil cases in which the state shall be a party. That the legislature cannot take away, nor impair, this jurisdiction, either by express action or by non-action, is an elementary proposition. (*Kane v. People,* 4 Neb., 509; *State v. Frazier,* 28 Neb., 454; *Harris v. Vanderveer,* 21 N. J., Eq., 424; *Callanan v. Judd,* 23 Wis., 343; *Commonwealth v. Commissioners of Allegheny County,* 37 Pa. St., 237; *Haight v. Gay,* 8 Cal., 297; *McMillan v. Savage,* 6 Fla., 748; *Montross v. State,* 61 Miss., 429; *Ex parte Whitlow,* 59 Tex., 273; *Green v. Jersey City,* 42 N. J. Law, 118.)

Such grant of jurisdiction, especially to the supreme court of the sovereignty, carries with it, as an incident, the power to make the grant effective by resort to necessary writs, rules, or other usual instrumentalities. (*State v. Brailsford,* 2 Dal. [U. S.], 402; *Kentucky v. Dennison,* 24 How. [U. S.], 66; *Chisholm v. Georgia,* 2 Dal. [U. S.], 419; *Grayson v. Virginia,* 3 Dal. [U. S.], 320; *Huger v. South Carolina,* 3 Dal. [U. S.], 339; *Oswald v. New York,* 2 Dal. [U. S.], 415; *New Jersey v. New York,* 3 Pet. [U. S.], 461, 5 Pet. [U. S.], 284; *Rhode Island v. Massachusetts,* 12 Pet. [U. S.], 657, 756; *Nebraska v. Iowa,* 143 U. S., 359; *Attorney General v. Blossom,* 1 Wis., 277; *Attorney General v. Chicago & N. R. Co.,* 35 Wis. 425.)

All courts of record have inherent power to make necessary rules for exercising their jurisdiction. (*Barry v. Randolph*, 3 Bin. [Pa.], 277; *Vanatta v. Anderson*, 3 Bin. [Pa.], 417; *Snyder v. Bauchman*, 8 S. &. R. [Pa.], 336; *Harris v. Commonwealth*, 35 Pa. St., 416; *Risher v. Thomas*, 1 Mo., 739; *Brooks v. Boswell*, 34 Mo., 474; *Kennedy v. Cunningham*, 2 Met. [Ky.], 538; *David v. Ætna Ins. Co.*, 9 Ia., 45; *Seymour v. Phillips & Colby Construction Co.*, 7 Biss. [U. S. C. C.], 460; *Texas Land Co. v. Williams*, 48 Tex., 602.)

The grant of original jurisdiction to this court in civil cases in which the state shall be a party is not qualified by section 22, article 6, of the constitution. (*Michigan State Bank v. Hastings*, 1 Doug. [Mich.], 224; *State v. Delesdenier*, 7 Tex., 76; *Ex parte State of Alabama*, 52 Ala., 231; *State v. Stout*, 7 Neb., 101; *State v. Lancaster County Bank*, 8 Neb., 218; *Spencer v. Brockway*, 1 O., 259; *Esley v. People*, 23 Kan., 510; *People v. Miles*, 56 Cal., 401; *Green v. State*, 73 Cal., 29; *People v. Dennison*, 84 N. Y., 272; *Lowry v. Thompson*, 25 S. Car., 416; *Dunnington v. Ford*, 80 Va., 177; *Hagood v. Southern*, 117 U. S., 52.)

The usage and practice since juries were first known clearly demonstrate that the right of trial by jury does not require that jurors shall be drawn or selected by any particular method, or in any particular manner. The method may be regulated by statute, or by judicial action, when necessary; and any method may be adopted which is likely to secure a trial by a fair and impartial jury of twelve men. (*Shaffer v. State*, 1 How. [Miss.], 238; *United States v. Woodruff*, 4 McLean [U. S. C. C.], 105; *Watson v. Walker*, 33 N. H., 131; *People v. Harding*, 53 Mich., 48; *Claussen v. La Franz*, 1 Ia., 226; *United States v. Fries*, 3 Dal. [U.S.], 515; *King v. State*, 38 Wis., 71.)

A party no longer has the right to a jury of the vicinage. The reason of the common law rule has not only ceased, but by the changed nature of jury trials the jury should be

selected upon the contrary principle.   In most cases jurors should be selected, not as at common law, because they are of the vicinage, but because they are not, and therefore do not know the parties or the facts. (Thompson & Merriam, Juries, 1 ; *Schmidt v. New York Union Mutual Fire Ins. Co.*, 1 Gray [Mass.], 529 ; *Taylor v. Gardiner*, 11 R. I., 182 ; *Baccigalupo v. Commonwealth*, 33 Gratt. [Va.], 807 ; *State v. Lake City*, 25 Minn., 404.)

The provision for trial by jury in the constitution of the United States has no application to state courts.   A trial in this court with or without a jury would be with " due process of law." (*Walker v. Sauvinet*, 92 U. S., 90.)

*T. M. Marquett, John H. Ames, J. H. Broady, J. C. Cowin, George E. Pritchett, Griggs, Rinaker & Bibb*, and *C. O. Whedon, contra*, cited : Constitution, art. 1, secs. 3, 6, 13, 24 ; art. 6, secs. 2, 22 ; Laws, 1877, pp. 19–24 ; *Stout v. State*, 7 Neb., 102 ; *State v. Andrews*, 11 Neb., 523 ; Cooley, Constitutional Limitations, [4th ed.], pp. 99–103, 410, 319, 352–356 ; *Hallenbeck v. Hahn*, 2 Neb., 403 ; *Ex parte Milligan*, 4 Wall. [U. S.], 2 ; Proffatt, Jury Trial, sec. 80 ; *Olive v. State*, 11 Neb., 1 ; *Swart v. Kimball*, 43 Mich., 448 ; *Kilbourn v. Thompson*, 103 U. S., 168 ; *United States v. State Bank*, 96 U. S., 30.

Ryan, C.

The petition of the attorney general, filed in this court, represented that by the constitution of this state it is provided that the supreme court shall have original jurisdiction in civil cases in which the state is a party, yet that no provision has as yet been made by law for the service of process in such cases, or as to the method of procedure by which such jurisdiction may be exercised, and that controversies have heretofore frequently arisen of such character and importance that it would have been greatly to the benefit, convenience, and advantage of the

state if the attorney general, in his discretion, could have instituted and prosecuted such actions in this court, and that controversies of like character are liable frequently to arise in the future. As an instance of the controversies referred to, this petition referred to the necessity of the commencement and prosecution of an action, under the direction of the governor of this state, against John E. Hill, late state treasurer, and the sureties upon his official bond. The prayer of the attorney general's petition was that this court take such action as shall be proper and necessary in relation to the class of controversies described. Upon the suggestion of this court, notice of the proposed application was served upon ex-Treasurer Hill and the sureties on his official bond. When the petition of the attorney general was presented, he and his associate counsel, on the one hand, and counsel for ex-Treasurer Hill and the sureties on his official bond, on the other hand, submitted exhaustive briefs and oral argument, addressed to this court's jurisdiction of the subject-matter in controversy as against ex-Treasurer Hill and his sureties, rather than the mere formulation of rules for the exercise of such jurisdiction. The constitutional provision discussed were those following, each being contained in "Article (VI)— The Judicial Department."

"Sec. 2. The supreme court shall consist of three judges, a majority of whom shall be necessary to form a quorum or pronounce a decision. It shall have original jurisdiction in cases relating to the revenue, civil cases in which the state shall be a party, *mandamus, quo warranto, habeas corpus,* and such appellate jurisdiction as shall be provided by law."

"Sec. 22. The state may sue and be sued, and the legislature shall provide by law in what manner and in what courts suit shall be brought."

. Adversely to the attorney general's application it is insisted that these two constitutional provisions, for the

purpose of construction, should be read as a single enactment, thus: "The state may sue and be sued, and the legislature shall provide by law in what manner and in what courts suits shall be brought, and the supreme court shall have original jurisdiction in civil cases in which the state shall be a party." Commenting upon this consolidation counsel say: "So read, the implication is too strong to leave room for doubt that the intent of the convention was merely and solely to include the supreme court in the class of tribunals from which it would otherwise have been excluded, upon which the legislature may devolve the duty of determining litigation of the kind mentioned in the first instance, and whose jurisdiction in this respect can only be called into action by legislative mandate." The chief argument against the jurisdiction of this court is indicated in the language of counsel quoted, and resolved into its primary elements, and stated in the simplest form, it is, first, the constitutional provisions quoted are not self-executing; and, second, that supplemental statutory enactments are necessary to bring into existence the otherwise inchoate jurisdiction of this court. It is at least doubtful whether the broad provision that this court "shall have original jurisdiction in civil cases in which the state shall be a party" should be qualified by a construction based upon an independent constitutional provision. Without considering this question, we shall now quote such provisions of the statutes as are deemed applicable to the considerations urged upon the line of argument suggested.

An act entitled "An act to amend chapter 13 of the Revised Statutes of 1866," approved February 27, 1879, contained the following provision:

"Sec. 13. The supreme court shall have original jurisdiction in cases relating to the revenue, civil cases in which the state shall be a party, mandamus, quo warranto, and habeas corpus, and shall have appellate and final jurisdiction of all matters of appeal and proceedings in error

which may be taken from the judgments or decrees of the
district courts in all matters of law, fact, or equity, where
the rules of law or the principles of equity appear from
the files, exhibits, or records of said court to have been
erroneously determined."

The section quoted appears as section 13, chaper 19, of
the Compiled Statutes. Section 1 of the Code of Civil Pro-
cedure requires that the provisions of said Code, and all
proceedings. under it, shall be liberally construed, with a
view to promote its object and assist the parties in obtain-
ing justice. By section 2 of the aforesaid Code it is pro-
vided that there shall hereafter be but one form of action,
which shall be called a civil action. Section 903 of said
Code is in the following language: "Where, by general or
special statute, a civil action, legal or equitable, is given, and
the mode of proceeding therein is prescribed, this Code shall
not affect the proceedings under such statute, until the legis-
lature shall otherwise provide; but in all such cases, as far as
it may be consistent with the statute giving such action, and
practicable under this Code, the proceedings shall be con-
ducted in conformity thereto. Where the statute designates
by name or otherwise the kind of action, but does not pre-
scribe the mode of proceeding therein, such action shall be
commenced and prosecuted in conformity to this Code;
where the statute gives an action, but does not designate
the kind of action, or prescribe the mode of proceeding
therein, such action shall be held to be the civil action of
this Code, and proceeded in accordingly." This language
is very comprehensive; but, apparently to avoid the possi-
bility of any oversight, there is contained in section 901
the provision that "if a case ever arise in which an action
for the enforcement or protection of a right, or the redress
or prevention of a wrong, cannot be had under this Code,
the practice heretofore in use may be adopted so far as may
be necessary to prevent a failure of justice." Even if the
constitutional provisions quoted must of necessity be held

to rest in abeyance until statutory enactments conferred vital energy upon them, there is wanting no statute essential to that purpose. The very section of the statute which makes effective the constitutional provision, that this court shall have "such appellate jurisdiction as shall be provided by law," in the same sentence provides that this court shall have jurisdiction "in civil cases in which the state shall be a party."

Section 675 of the Code of Civil Procedure provides that "in actions in equity either party may appeal from the judgment or decree rendered or final order made by the district court to the supreme court of the state," but neither this nor any other section of the statute attempts to confer appellate jurisdiction in such cases otherwise than as above noted. This section 675 furthermore provides that within six months after the date of the rendition of the judgment or decree, etc., the party appealing should procure a certified transcript of the proceedings had in the case in the district court, containing the judgment or decree therein, together with certain prescribed evidence; and that the party appealing should have the case docketed in this court. There was contained in the statute no requirement of notice to the appellee. This defect was supplied by our rule 15 until the present January term, 1894, of this court, when substantially the same provision as to notice in cases of appeal was embodied in rule 14. We can see no reason countenancing this right by rule to provide for notice in an appeal in equity which does not equally support the contention that this court may provide the manner in which civil cases, in which the state may be a party, may be commenced. Section 2 of the Code of Civil Procedure provides that there shall be but one form of action, while in section 903 is the provision that " where the statute designates by name or otherwise the kind of action, but does not prescribe the mode of proceeding therein, such action shall be commenced and prosecuted in conformity to this Code," and that " where the statute

gives an action, but does not designate the kind of action or prescribe the mode of proceeding therein, such action shall be held to be the civil action of this Code and proceeded in accordingly." The Code of Civil Procedure furnishes rules to govern this court in the exercise of its original jurisdiction, and if to that jurisdiction the assent of the legislature shall be essential, we have already seen that such assent is embraced in section 13, chapter 19, of the Compiled Statutes. In this connection it is not deemed amiss to say that nearly all the common law rules of practice were developed by the courts as occasion required, irrespective of existing statutory provisions. It is highly probable that if every statute relating to rules of procedure should be unconditionally repealed, the jurisdiction created by the constitution and statutes would not of necessity therefore fail, but that the courts in which such jurisdiction was vested would have power to provide by rule for the exercise of that jurisdiction.

It has been urged in argument that a defendant is entitled to a jury chosen from the vicinage. Originally, in criminal prosecutions there were reasons for such a rule, but in civil actions they now have no existence. At the present time the efforts of courts are directed towards securing jurors who must decide the facts solely upon the evidence adduced upon the trial, and the absence of bias or prejudice on the part of the jurors, by reason of knowledge of the facts or of the parties, is rather sought than shunned. Whenever a proper case is presented wherein there must be a jury, this court will make such order in that regard as shall be deemed necessary. The original jurisdiction conferred upon this court by the constitution, where not expressly restricted, is concurrent with that of the district court of the proper county. Such jurisdiction will not be entertained by this court in cases wherein the state is but a nominal party. The case must be such that the state as a real substantial party has a direct interest in

having determined. This interest must be made to appear not merely by the title of the action, but it must be shown by facts clearly pleaded. For the determination of this court whether jurisdiction will be entertained in any proceeding, a petition setting forth the cause of action must be in the first instance presented and an order made in respect thereto, in conformity with such rules of this court as shall be applicable to the case presented, whether such rules have already or may be hereafter formulated.