WILLIAM D. HASTINGS ET AL. V. JOHN BARND ET AL.

FILED MAY 4, 1898. No. 8071.

| 55 | 93 |
|----|-----|
| 56 | 203 |
| 55 | 93 |
| 61 | 829 |

1. Banking Corporations: LIABILITY OF STOCKHOLDERS: CONSTITUTIONAL LAW. The requirements of constitution, article 11, section 4, under the title "Miscellaneous Corporations," that, before enforcement of individual liability of stockholders, there must be judicially ascertained the indebtedness proposed to be enforced, and that the assets of the corporation be first exhausted, *held* applicable to the stockholders' liability in banking corporations, as described in section 7 of the same article.

2. ———: ———: ———: ACTIONS: PARTIES. The liability of stockholders in banking corporations under section 7 aforesaid must be enforced by or on behalf of all creditors, and against all stockholders liable. A suit by and on behalf of one out of many creditors against certain selected stockholders will not lie.

3. ———: ———. *Farmers Loan & Trust Co. v. Funk*, 49 Neb. 353, followed.

ERROR from the district court of Buffalo county. Tried below before NEVILLE, J. *Affirmed.*

The opinion contains a statement of the case.

*William Gaslin,* for plaintiffs in error:

The constitutional liability of a stockholder of a banking corporation may be enforced as a direct liability in a suit against him alone by a single creditor. (*White v. Blum,* 4 Neb. 556; *Smith v. Steele,* 8 Neb. 115; *Cady v. Smith,* 12 Neb. 629; *Doolittle v. Marsh,* 11 Neb. 245; *Coy v. Jones,* 30 Neb. 798; *Flash v. Conn,* 3 Am. & Eng. Corp. Cas. [Fla.] 28; *Culver v. Third Nat. Bank,* 64 Ill. 532; *Wincock v. Turpin,* 96 Ill. 143; *Buchanan v. Meisser,* 105 Ill. 659; *Potter v. Stevens Machine Co.,* 34 Am. Rep. [Mass.] 431; *Bank of Poughkeepsie v. Ibbotson,* 24 Wend. [N. Y.] 473; *Grund v. Tucker,* 5 Kan. 70; *Slee v. Bloom,* 19 Johns. [N. Y.] 456; *Nathan v. Whitlock,* 9 Paige Ch. [N. Y.] 159; *Schalucky v. Field,* 16 N. E. Rep. [Ill.] 904; *Briggs v. Penniman,* 8 Cow. [N. Y.] 395; *Van Hook v. Whitlock,* 3 Paige Ch. [N. Y.] 415; *Moss v. Oakley,* 2 Hill [N. Y.] 265; *Arenz v. Weir,* 89 Ill. 25; *Fuller v. Heath,* 89 Ill. 310; *Corwith v. Culver,* 69 Ill. 502; *Thompson v. Meisser,* 108 Ill. 359; *Queenan v. Palmer,* 117 Ill. 626; *Eames v. Doris,* 102 Ill. 350; *Curtis v. Leavitt,* 15 N. Y. 44; *State v. Sherman,* 22 O. St. 411; *Paine v. Stewart,* 33 Conn. 519; *Perry v. Turner,* 55 Mo. 425; *Young v. Rosenbaum,* 39 Cal. 654; *Norris v. Johnson,* 34 Md. 485; *Garrison v. Howe,* 17 N. Y. 458; *Atwood v. Rhode-Island Agricultural Bank,* 1 R. I. 376; *Marion Township Union Draining Co. v. Norris,* 37 Ind. 425; *Lane v. Harris,* 16 Ga. 222; *Dozier v. Thornton,* 19 Ga. 325; *Windham Provident Insitution for Savings v. Sprague,* 43 Vt. 509; *Norris v. Wrenschall,* 34 Md. 492; *Conant v. Van Schaick,* 24 Barb. [N. Y.] 87; *Conklin v. Furman,* 57 Barb. [N. Y.] 484.)

It was unnecessary for plaintiffs to reduce their claims to judgment before bringing suit against stockholders.

(*Shafer v. Moriarty*, 46 Ind. 9; *Strong v. Wheaton*, 38 Barb. [N. Y.] 616; *State v. Cadwell*, 44 N. W. Rep. [Ia.] 702; *Ryan v. State Bank*, 10 Neb. 527; *Commercial Nat. Bank v. Gibson*, 37 Neb. 765; *Howell v. Roberts*, 29 Neb. 483; *Coy v. Jones*, 30 Neb. 798; *Globe Publishing Co. v. State Bank*, 41 Neb. 175; *Richards v. County Commissioners, Clay County*, 40 Neb. 51; *Mexican Nat. R. Co. v. Jackson*, 32 S. W. Rep. [Tex.] 230; *Huntington v. Attrill*, 146 U. S. 657; *Wilson v. Coburn*, 35 Neb. 530; *Garmire v. Willy*, 36 Neb. 340; *Glade v. White*, 42 Neb. 336; *In re Petition of Attorney General*, 40 Neb. 405.)

*Greene & Hostetler* and *W. L. Hand, contra.*

Irvine, C.

William D. Hastings and another, partners doing business under the name of Hastings & Son, sued John Barnd and several others alleged to be stockholders of the Commercial & Savings Bank, a corporation, seeking to enforce an individual liability of the stockholders. Two of the defendants demurred to the petition and their demurrer was sustained. The others answered and, issues having been joined, the cause was as to them submitted to the court on a stipulation of facts and the court found in favor of the defendants. A judgment of dismissal was accordingly entered and the plaintiffs bring the case here for review. A consideration of the sufficiency of the petition is all that is required for a disposition of the case. It alleges that the Commercial & Savings Bank was a corporation organized under the laws of Nebraska and engaged in the banking business; that in 1892 it became indebted to the plaintiffs in the sum of $796.16 for money deposited; that the bank has been declared insolvent and a receiver appointed; that the defendants were stockholders at the time plaintiffs' debt was contracted and subsequently, the petition setting out the amount of stock held by each. It further alleged mismanagement by the officers leading to the insolvency.

It appeared inferentially that there were creditors other than plaintiffs. It was not alleged that the claim of the bank had been ascertained either by reducing it to judgment or by proving it and having it allowed by the receiver. It was not alleged that the corporate assets had been exhausted. The attempt was to recover upon the additional liability imposed by constitution, article 11, section 7, under the head of "Miscellaneous Corporations," which is as follows: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held to an amount equal to his respective stock or shares so held, for all liabilities accruing while he remains such stockholder." Counsel for plaintiffs, with characteristic industry and ability, has marshaled a formidable array of authorities in support of his theory that the liability so imposed may be enforced at a suit of a single creditor against such stockholders as he sees fit to sue, as a direct liability, without first reducing his claim to judgment against the corporation and exhausting its assets. Since the briefs were prepared every phase of the questions arising has in some form been considered by this court and the uniform holdings have been contrary to plaintiffs' theory. Constitution, article 11, section 4, provides: "In all cases of claims against corporations and joint stock associations, the exact amount justly due shall be first ascertained, and after the corporate property shall have been exhausted the original subscribers thereof shall be individually liable to the extent of their unpaid subscription, and the liability for the unpaid subscription shall follow the stock." These two provisions must be construed together. (*State v. German Savings Bank*, 50 Neb. 734.) Section 4 fixes the liability of subscribers and transferees of stock for unpaid subscriptions, and applies to all classes of corporations. Section 7 is a special provision confined to banks and extends the liability by superadding an additional liability to the amount of the stock

against those who were stockholders when a debt accrued. Under section 4 it is necessary that the corporate property should be exhausted and the indebtedness ascertained, before the liability can be enforced. "Ascertained," as here used, means judicially ascertained, that is, by judgment or its equivalent. (*Commercial Nat. Bank of Omaha v. Gibson,* 37 Neb. 750; *Globe Publishing Co. v. State Bank,* 41 Neb. 175; *Farmers Loan & Trust Co. v. Funk,* 49 Neb. 353; *State v. German Savings Bank, supra.*) It would be strange if the liability for an unpaid subscription could only be enforced under such circumstances and a liability for an additional amount enforced directly without complying with any of those conditions. We are satisfied that such is not the proper construction, but that, on the other hand, the liability created by section 7 is simply an additional burden imposed on stockholders of banks, to be enforced in the same way and under the same conditions as that fixed by section 4. That requires a previous judicial ascertainment of the debt, an exhaustion of the corporate assets, and a suit by or on behalf of all creditors, or by the receiver for them, and against all stockholders, in order that the debts and liabilities may be marshaled and creditors and stockholders alike protected. (*Farmers Loan & Trust Co. v. Funk, supra; Van Pelt v. Gardner,* 54 Neb. 701; *German Nat. Bank v. Farmers & Merchants Bank,* 54 Neb. 593.) That the limitations of section 4 apply also to section 7 was expressly held in *Farmers Loan & Trust Co. v. Funk, supra,* and *German Nat. Bank v. Farmers & Merchants Bank, supra.* The plaintiffs did not by the averments of their petition make a case under the section relied on and the judgment of the district court was correct.

AFFIRMED.