WILLIAM F. PICKERING V. SAMUEL C. HASTINGS.

FILED OCTOBER 5, 1898.   No. 8283

56   201
61   829

Corporations: LIABILITIES OF STOCKHOLDERS: ACTIONS: PARTIES. It is the settled doctrine of this court that the liability of a stockholder in a banking corporation, under the provisions of section 7, article 11, of the constitution, is for the creation of a fund for the benefit of all creditors, and an action to enforce such liability must be prosecuted for the benefit of all the creditors of the corporation against all the stockholders within the jurisdiction of the court.

ERROR from the district court of Buffalo county. Tried below before NEVILLE, J. *Reversed.*

*Greene & Hostetler,* for plaintiff in error.

*William Gaslin,* contra.

NORVAL, J.

The Commercial and Savings Bank of Kearney was incorporated under the laws of this state on September 2, 1889, and for some time thereafter was engaged in the business of banking. William F. Pickering was a stockholder therein, owning ten shares of the stock of the face value of $100 each. Samuel C. Hastings was a depositor in said bank, and had money on deposit therein at the time the bank closed its doors and ceased to do business. Hastings recovered a judgment against said bank in the sum of $649.80 for moneys so deposited as aforesaid. Execution was issued on said judgment, which was returned *nulla bona.* Thereupon this action was instituted by Hastings in his own behalf in the county court of Buffalo county against Pickering alone, under section 7, article 11 of the constitution, to enforce the liability imposed by said section upon stockholders in banking corporations. A general demurrer to the petition was sustained by the county court, and on error proceeding this judgment was reversed by the district court, and the cause was retained

Pickering v. Hastings.

for trial therein. Subsequently plaintiff filed a petition similar to the one in the county court, which the defendant answered denying part of the averment contained therein, and pleading certain matters in defense,—among others, that there are various creditors of said bank to the defendant unknown, and also a large number of stockholders of said corporation, giving the names of the latter, with the number of shares of stock owned by each; that one Henry Gibons was by this court in February, 1892, appointed receiver of said bank, who qualified as such and entered upon the duties of his trust, and as such receiver took possession of all the assets of said bank, which was ample to pay plaintiff's claim, and still retains possession thereof, and if the execution mentioned in the petition was returned no property found it was because all the assets of the bank were at the time in the custody of the receiver and could not be reached; that plaintiff should have sued on behalf of himself and the other creditors of the bank, and that all the stockholders should have been made parties defendant. To this answer plaintiff replied by a general denial, and the trial upon the issues joined resulted in a judgment in favor of plaintiff for the full amount of his claim against the bank. The defendant has prosecuted an error proceeding.

It was stipulated in open court on the trial that plaintiff and the several other persons mentioned in paragraph 6 of the answer were residents of Buffalo county and stockholders of the Commercial and Savings Bank of Kearney at the time the bank became indebted to Pickering, as well as when the suit was instituted, and that there were and are numerous creditors of said bank similarly situated with plaintiff, whose claims were due and unpaid. The proper disposition of the case at bar can be based upon a single ground, and that is, whether the action was properly brought to enforce the liability created by the section of the constitution already mentioned, which declares: "Every stockholder in a banking

corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held to an amount equal to his respective stock or shares so held, for all its liabilities accruing while he remains such stockholder," etc.   In other words, can an action under the foregoing provision be maintained by one creditor of the corporation in his own behalf against a single stockholder?   Plaintiff argues in support of the affirmative of the proposition and cites authorities[*] in support of his position; but subsequent to the filing of the briefs herein, and after the judgment of the trial court was rendered, the precise question was presented to this court for consideration, and determined adversely to the contention of the plaintiff. Thus in *Farmers Loan & Trust Co. v. Funk*, 49 Neb. 353, it was expressly decided that the liability of a stockholder in a banking corporation under the provisions of section 7, article 11, of the constitution is for the creation of a trust fund for the benefit of all creditors, and an action to enforce such liability must be prosecuted by one creditor of the corporation for the benefit of all, or by the receiver when one has been appointed.   That was an action at law by a creditor of the State Bank of Ainsworth against one of the stockholders thereof to collect an amount equal to the par value of his stock, and it was ruled that the action could not be maintained.   The action should be for the benefit of all the creditors of the corporation against all the stockholders within the jurisdiction of the court.   (*Van Pelt v. Gardner*, 54 Neb. 70; *German Nat. Bank of Lincoln v. Farmers & Merchants Bank of Holstein*, 54 Neb. 593.)   These decisions are directly in point, and if adhered to, must control the disposition of the case under consideration.   There is a conflict in the adjudications of other courts on the subject, but the rule announced by this court in the foregoing cases is the most

[*]For counsel's citations to sustain the contention that liability of a stockholder may be enforced in a suit against him alone by a single creditor, see *Hastings v. Barnd*, 55 Neb. 94.

just and equitable one, and being sustained by the better reason as well as authority, will not be now departed from.

*White v. Blum*, 4 Neb. 555, cited in brief of plaintiff, is easily distinguishable. So far as the report of that case discloses plaintiffs were the only creditors of the Midland Pacific Railway Company, and the defendants were the sole stockholders of said corporation. That the proper parties were before the court was a matter not in controversy, the principal contention being whether a joint judgment for unpaid subscription to capital stock could be rendered against all the stockholders, where the amount due for each on account of his subscription equaled or exceeded the demands of the corporation creditor.

*Smith v. Steele*, 8 Neb. 115, was an action at law against the stockholders of a corporation and the corporation itself, and it does not appear that there were any creditors of the corporation other than the plaintiffs.

*Doolittle v. Marsh*, 11 Neb. 243, was a suit against a stockholder of the Omaha Horse Railway Company to enforce the payment of a judgment recovered against the corporation for a tort. It was held that the action would not lie under section 136 of the chapter of the General Statutes on Corporations.

*Howell v. Roberts*, 29 Neb. 483, and *Coy v. Jones*, 30 Neb. 798 were actions at law against stockholders to enforce the liability created by said section 136. In none of these decisions rendered prior to the handing down of the opinion in *Farmers Loan & Trust Co. v. Funk*, 49 Neb. 353, was it decided that an individual creditor of a corporation could maintain an action for his own benefit alone against a single stockholder to enforce the constitutional liability of stockholders for the debts of the corporation.

The present action must fail because all the stockholders of the Commercial and Savings Bank within the jurisdiction of the court were not made parties defendant.

REVERSED AND REMANDED.