STATE, EX REL. CLARENCE A. DAVIS, ATTORNEY GENERAL,
PLAINTIFF, V. BANKING HOUSE OF A. CASTETTER ET AL.,
APPELLEES: WILLIAM MEIER, INTERVENER,
APPELLANT.
EMIL FOLDA, RECEIVER, PLAINTIFF, V. FREDERICK H.
CLARIDGE ET AL., DEFENDANTS.

FILED MARCH 14, 1928. No. 26261.

*L. R. Newkirk,* for appellant.

*C. M. Skiles, Gaines, Van Orsdel & Gaines* and *Smith, Schall, Howell & Sheehan, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

ROSE, J.

William Meier is an intervening petitioner in equity, seeking to establish his right to funds deposited by Helen M. Claridge in the Banking House of A. Castetter and to resort to the bank guaranty fund for payment of the deposits. The items comprising the depositor's claim are two certificates of deposit, one for $500 and the other for $4,500, and a balance of $426.87 on a checking account, or $5,426.87 in all. Meier pleads a right to these deposits under an equitable assignment or written contract transferring them to him, as he alleges, for the purpose of applying the proceeds on a mortgage partially securing a debt owing to him by the mortgagors, Helen M. Claridge and her husband Frederick H. Claridge.

In a proceeding by the state for a receivership to wind up the affairs of the Banking House of A. Castetter, hereinafter called the "bank," an insolvent corporation formerly conducting a commercial banking business at Blair, the depositor, Helen M. Claridge, presented to the receiver for allowance, April 23, 1921, her claim of $5,426.87 for the deposits described. This is the claim to which Meier succeeded, according to his petition in equity.

The Claridges had owned capital stock issued by the bank. The receiver and the guaranty fund commission

refused to pay the claim for deposits, on the ground that the depositor is chargeable with the double liability of a stockholder in excess of her claim and that the debts of the bank would exceed its assets to the extent of $300,000. In this condition of affairs, November 25, 1924, the receiver sued the Claridges to require a disclosure of the amount of bank stock held by each and to set off against the claim of the depositor her liability as a stockholder. The allegations in the petition of the receiver were admitted by the Claridges with the exception that their ownership of stock was denied. November 29, 1924, the action against the stockholders and the action by the state for a receivership were consolidated by mutual agreement. November 29, 1924, by decree of the district court, the respective claims of the parties to the consolidated actions were equalized and set off against each other, liability of the receiver and of the guaranty fund commission for deposits and liability of the Claridges as stockholders being thus discharged.

Meier was permitted to intervene September 1, 1926. He alleged in his petition that the district court was without jurisdiction to determine the matter of the stockholders' liability or to set off against it the claim for deposits, because the affairs of the bank had not yet been closed or its assets exhausted, the decree in these respects being challenged as void; that Meier was without knowledge of the action against the stockholders until February 25, 1925; that the decree was procured by the fraud and collusion of the parties to the consolidation and should be set aside; that the preferred claim of Meier for the deposits should be allowed.

In addition to a plea of former adjudication the facts generally upon which Meier relied for equitable relief were put in issue by answers to his petition. A trial resulted in a dismissal of his cause of action and he appealed.

There was an elaborate argument on the proposition that the district court did not have jurisdiction of the subject-matter relating to the double liability of the de-

positor as a stockholder, because the assets of the bank had not yet been exhausted. The better reasoning seems to be otherwise. The affairs of the bank were in the court of equity. The parties to the consolidated actions had adverse claims relating to assets over which the receiver had control. He properly invoked equity power to prevent payment of the deposits until the liability of the depositor as a stockholder could be determined. *State v. Farmers State Bank,* 113 Neb. 497. While the depositor, over a proper objection, could not be required to submit to the determination of her liability as a stockholder until the assets of the bank had been exhausted, she had a right, when sued, to plead, as she did, the defense that she was not a stockholder and to demand a trial of that issue. She could also have said to the court: "I want my liability, if any, adjudicated without waiting until the bank assets are exhausted. You may subject whatever available property I have to my immature corporate obligations, if I am the owner of stock." In effect this was the import of her pleadings. Stated differently, she had a right to waive the immaturity of her liability. Had she been solvent, she could have prayed for the prompt determination of the issue for the purpose of immediate settlement. In agreeing to consolidate the actions and in submitting the litigable controversies for adjudication, the parties to the consolidation presented the receiver's liability for the deposits and the depositor's liability as a stockholder. Meier in his intervening petition in equity alleged that the Claridges were insolvent and there is evidence tending to prove that fact. In view of their insolvency immediate payment of the deposits would have defeated the outstanding but immature liability of the depositor as a stockholder. A careful annotator recently said:

"While there is a good deal of conflict as to whether a bank has the right to set off an immature claim against the deposit of an insolvent, in the majority of jurisdictions it is held that on the insolvency of a depositor a right of set-off exists against the insolvent or his assignee

even though the bank's claim against the insolvent is not yet due, the cases evidently proceeding on the theory that insolvency renders all debts due, and furnishes, of itself, a sufficient ground for set-off." 43 A. L. R. 1328, and cases cited in note.

This doctrine does not apply to a stockholder's double liability, for the reason that such a liability is not matured by insolvency under the terms of the Constitution. Const., art. XII, secs. 4, 7; *State v. Farmers State Bank,* 113 Neb. 497. The Constitution, however, did not prevent the insolvent depositor in the present instance from waiving the immaturity of her liability. The record shows conclusively that she not only waived immaturity but invoked the judgment of the court on the issue of her liability as a stockholder. It follows that the matters upon which Meier relies for equitable relief, including the fact that the depositor was a stockholder, were adjudicated in the former actions after consolidation and consequently were not open for relitigation herein.

It is argued further that the decree assailed is void as to Meier because he was the equitable owner of the deposits, a fact within the knowledge of the parties to the consolidated actions. The position thus taken is also untenable. Meier's interest in the deposits was conditional or contingent and did not prevent the receiver from invoking equity to set off against the deposits the liability of the depositor as a stockholder. The interest of Meier in the deposits depended upon the following provisions of a written contract:

"As soon as the account between Helen M. Claridge and the receiver of the Banking House of A. Castetter is fully settled and adjusted, then any and all moneys received by the said Helen . M. Claridge from said receiver shall be immediately paid to the said William Meier to be applied on the note and mortgage held by him until the same is fully paid."

The plain import of these terms was not changed by other stipulations or by oral evidence. Under the circum-

stances disclosed the excerpt from the contract did not amount to an absolute or an equitable assignment.

Fraud or collusion entitling Meier to the equitable relief sought by him was not shown. His petition was properly dismissed.

AFFIRMED.

Note—See Banks and Banking 7 C. J. 507 n. 11, 514 n. 80 New, 736 n. 79, 746 n. 27.