J. W. ROGERS, RECEIVER, APPELLEE, V. H. H. SELLECK ET AL.: NILS LINDQUIST, APPELLANT.

FILED NOVEMBER 10, 1928. No. 26342.

*Paul H. Eaton* and *R. O. Canaday*, for appellant.

*C. M. Skiles* and *I. D. Beynon*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

ROSE, J.

This is a receiver's suit in equity for the benefit of all the creditors of an insolvent state bank against all the stockholders to recover in money and to distribute the entire par value of the stock or the double liability imposed by the state Constitution and by the contracts of subscription.

The insolvent was the Broadwater Bank, a corporation organized under the laws of Nebraska to transact a commercial banking business in Morrill county. The capital stock, paid in full, consisted of 250 shares, each of the par value of $100, or $25,000 in all. There were 15 stockholders and the individual ownership of shares varied from 1 to 141. Upon insolvency of the bank J. W. Rogers was appointed receiver to wind up its affairs. In the proceeding for that purpose it was decreed that the exact amount justly due from the bank to its creditors was $194,116.42;

that all corporate property was converted into money and exhausted; that the proceeds were applied on the indebtedness, leaving unpaid $141,220.17 in liabilities incurred by the bank while defendants were stockholders. The receiver was directed by the court to bring this suit and did so, alleging in detail the foregoing facts, pleading the double liability imposed by the Constitution, naming the stockholders and indicating the share or shares of each, setting forth multiplicity of actions at law in connection with other grounds of equitable jurisdiction, averring there was no adequate remedy at law, and praying for an order on each defendant to perform his obligation, for judgment in the event of default, for distribution of the collected fund among the creditors and for general equitable relief.

Nils Lindquist, a defendant and a stockholder owning one share of the par value of $100, the full amount of his alleged double liability, demurred to the petition in equity herein on the grounds that he is improperly joined with other defendants; that the court is without equitable jurisdiction, and that the remedy of plaintiff, if any, is an action at law against each stockholder.

The demurrer was overruled. Lindquist refused to plead further and judgment was rendered against him for $100. From that judgment he has appealed.

Does the petition of the receiver state facts sufficient to constitute a cause of action cognizable in a court of equity? In resisting the 100-dollar claim, based on the liability imposed by the Constitution and assumed in the contract of subscription, is Lindquist, the owner of one share of the insolvent bank's capital stock, entitled as a matter of right to a jury trial in a technical action at law wherein he alone is defendant? These are difficult questions presented by the appeal with argument and citation of authorities on both sides. The nature of the liability created by the Constitution and the remedy of the unpaid creditors of the insolvent bank are subjects of inquiry. According to the allegations of the petition the stockholders are accountable

in a proceeding of some kind under the following provision of the Constitution:

"Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held to an amount equal to his respective stock or shares so held, for all its liabilities accruing while he remains such stockholder." Const., art. XII, sec. 7.

Another provision of the Constitution is in this form:

"In all cases of claims against corporations and joint stock associations, the exact amount justly due shall be first ascertained, and after the corporate property shall have been exhausted the original subscribers thereof shall be individually liable to the extent of their unpaid subscription, and the liability for the unpaid subscription shall follow the stock." Const., art. XII, sec. 4.

The sections quoted must be considered together. *Hastings v. Barnd,* 55 Neb. 93; *State v. German Savings Bank,* 50 Neb. 734; *Bodie v. Pollock,* 110 Neb. 844; *State v. Farmers State Bank,* 113 Neb. 497. The terms of the constitutional provisions are by construction embodied in the contracts of subscription for bank stock and the liability imposed upon and assumed by the stockholders is contractual, but cannot be enforced until the exact amount justly due in all cases of claims has been ascertained and the corporate property exhausted. *Bourne v. Baer,* 107 Neb. 255; *State v. Banking House of A. Castetter,* 116 Neb. 610. The double liability inures to the benefit of unpaid creditors, and not to the bank in its corporate capacity. *Hamilton Nat. Bank v. American Loan & Trust Co.,* 66 Neb. 67. In effect the constitutional provision imposing a double liability upon bank stockholders in a state bank requires them, in connection with the subscriptions for stock, to make contributions to a trust fund for the benefit of unpaid creditors in the event of insolvency, and the action to enforce their obligations must be prosecuted by one creditor for the benefit of all or by the receiver. *Pickering v.*

*Hastings*, 56 Neb. 201; *Van Pelt v. Gardner*, 54 Neb. 701; *German Nat. Bank v. Farmers & Merchants Bank*, 54 Neb. 593; *Hastings v. Barnd*, 55 Neb. 93. In enforcing the contractual obligations the receiver, acting under directions of the court, is a proper party to bring the necessary action, whatever its nature. *State v: Farmers State Bank*, 113 Neb. 497.

It is conceded by counsel for Lindquist that a suit in equity for the benefit of all the creditors against all the stockholders would be a proper remedy, if the par value of the stock or the maximum liability imposed by the Constitution exceeded the unpaid indebtedness of the bank. What is thus conceded is in harmony with a recognized rule of equity jurisdiction. It is confidently asserted, nevertheless, that an action at law against the individual stockholder is the exclusive remedy where judgment for the maximum liability or for the entire par value of the stock is sought, as in the present case. Is the nature of the remedy changed from equity to law merely because a recovery for the full par value of the stock is sought instead of a less amount? On that question the utterances of this court are not harmonious and there seems to be a diversity of opinion elsewhere.

Lindquist insists that his obligation is several, not joint; that there is no community of interest in law or fact between him and other stockholders joined as defendants; that, sued as an individual for a specific sum of money, he has a right to a jury trial where he alone is defendant; that all the stockholders cannot be joined in equity to prevent a multiplicity of suits. There is a view of these propositions in which the remedy and the convenience of the unpaid creditors seem to be overlooked.

The stockholders united in a common purpose to procure from the state a charter to conduct a commercial bank with permission to deal with the public in an enterprise affected with a public interest. It required the joint action of all subscribers for stock to accomplish that pur-

pose.  They gave to their banking corporation joint credit to the extent of the subscriptions.  In addition to the $25,-000 paid for the capital stock the stockholders assumed a contractual obligation imposed by the Constitution in the nature of a seconary liability or guaranty for the payment of $25,000 to the creditors in the event of insolvency and the exhausting of the corporate assets, if the bank's indebtedness in that sum should remain unpaid.  In view of the facts alleged in the petition and admitted by the demurrer, the secondary obligation or double liability is as binding as the primary agreement to pay for the stock in the first instance.

There is more to plaintiff's case than the invoking of equity to prevent a multiplicity of suits.  Enforcement of the liability imposed upon all the stockholders for the purpose of creating a common trust fund for the protection of all the creditors and for distribution among them, each to receive only a partial payment on his claim, are questions for determination in this suit.

If each stockholder in the present case has a right to a separate jury trial, the creditors, or the receiver for them, will be required to bring fifteen suits, three within the jurisdiction of a justice of the peace; seven others within the jurisdiction of the county court; five others within the jurisdiction of the district court.  In connection with the constitutional provisions Lindquist bound himself by contract to contribute $100 to the trust fund.  In a separate action at law for that sum the forum of original jurisdiction would be the court of a justice of the peace.  From judgment on a verdict there Lindquist would have the right of appeal to the district court.  Another jury trial would follow in the usual course of procedure.  In the event of a second adverse verdict he could appeal to the supreme court.  Other stockholders would have a right to pursue the same course.  Owing to costs, expenses and delays, such litigation, to a great extent at least, would be unprofitable to both creditors and stockholders, would make per-

formance of the contractual liability difficult and expensive, if not useless, and thus defeat the purpose to create the trust fund under which the stockholders jointly procured the charter for the bank and obtained corporate credit.

In a court of equity the trust fund to which the creditors are entitled could be speedily collected and disbursed in a single suit without depriving a stockholder of the opportunity to plead and prove any defense available to him in either law or equity.

In solving the question of jurisdiction the convenience and the rights of the stockholders are not the only factors. The rights and conveniences of creditors should have equal consideration. A course of litigation permitting unnecessary trials, repeated appeals, discouraging delays and wasteful costs and expenses should be avoided where a single suit based on recognized principles of equity jurisdiction would prevent such consequences.

The rights of the creditors and the liabilities of the stockholders had a common source in the conditions imposed by the Constitution and in the contractual obligations assumed thereunder. Except in amount the claims of the different creditors in the present suit in equity are alike, requiring the same proofs. The law and the facts essential to defenses are also of a similar nature in some respects at least and may be the same. In advance the stockholders were joint participants in the banking enterprise requiring the adoption of a method for the raising, collecting and disbursing of a trust fund to protect the creditors in the event of the bank's insolvency. On the day of reckoning they should not be permitted to scatter and waste the trust fund in separately defending actions at law. Each stockholder should be interested in the performance of his own contract and in like performance by other stockholders upon whom all creditors of the bank confidingly relied. Business rectitude and justice should inspire a community of interest among the stockholders.

Jurisdiction in equity has been sanctioned by text-writers to prevent a multiplicity of suits. 1 Pomeroy, Equity

Jurisprudence (4th ed.) secs. 245-251; 10 R. C. L. 283, sec. 28.. In the present instance, however, there are, in addition to that ground, other equitable considerations already mentioned. In discussing the double liability imposed by the Constitution this court once said:

"Quite early in the history of this country there were frequently inserted in the charters of ·corporations pro-· visions fixing the individual liability of stockholders in certain contingencies. When there were presented cases in which it was sought to render effective these special provisions, the courts differed among themselves as to the nature of this liability, the character of the fund arising from it, the persons entitled to sue, and the manner in which the action should be brought. These four matters of difference, on examination, will be found to depend on one question, and that is whether this liability is to be deemed to have been created for the purpose of raising a trust fund for the payment of the debts of the corporation, or whether it created the relation of debtor and creditor directly between a creditor of the corporation and one of its stockholders. If the fund derived from this liability should be deemed a trust fund of the nature suggested, it naturally resulted that an equitable action was recognized as proper, with its concomitants of parties, beneficiaries, and relief." *Farmers Loan & Trust Co. v. Funk,* 49 Neb. 353.

Referring to that case it was said by a unanimous court in a later opinion:

"It was expressly decided that the liability of a stockholder in a banking corporation under the provisions of section 7, article XI, of the Constitution, is for the creation of a trust fund for the benefit of all creditors, and an action to enforce such liability must be prosecuted by one creditor of the corporation for the benefit of all, or by the receiver when one has been appointed. That was an action at law by a creditor of the State Bank of Ainsworth against one of the stockholders thereof to collect an amount equal to the par value of his stock, and it was ruled that the action could

not be maintained. The action should be for the benefit of all the creditors of the corporation against all the stockholders within the jurisdiction of the court. *Van Pelt v. Gardner,* 54 Neb. 701; *German Nat. Bank v. Farmers & Merchants Bank,* 54 Neb. 593. These decisions are directly in point, and, if adhered to, must control the disposition of the case under consideration. There is a conflict in the adjudications of other courts on the subject, but the rule announced by this court in the foregoing cases is the most just and equitable one, and, being sustained by the better reason as well as authority, will not be now departed from." *Pickering v. Hastings,* 56 Neb. 201.

The syllabus in the latter case is as follows:

"It is the settled doctrine of this court that the liability of a stockholder in a banking corporation, under the provisions of section 7, article XI, of the Constitution, is for the creation of a fund for the benefit of all creditors, and an action to enforce such liability must be prosecuted for the benefit of all the creditors of the corporation against all the stockholders within the jurisdiction of the court." *Pickering v. Hastings,* 56 Neb. 201.

The remedy for enforcement of the double liability imposed by the Constitution was also considered in *German Nat. Bank v. Farmers & Merchants Bank,* 54 Neb. 593, and it was therein distinctly held by a unanimous court that the proper proceeding was a suit in equity for the benefit of all the creditors against all the stockholders, the opinion quoting with approval from a Massachusetts case *(Harris v. Dorchester,* 23 Pick. (Mass.) 112) the following language relating to similar liabilities imposed by the legislature of that state in one section of a statute:

"The evils and inconveniences of attempting to enforce this section by suits at common law would be incalculable; and such remedy would be inadequate, vexatious, and mischievous. The only proper means of giving effect to this provision is by a process in equity, and this, of all cases which can arise, seems to call most loudly for chancery

jurisdiction. To a bill in equity all persons, however numerous, might be made parties, and all the relative and conflicting claims of the many creditors and stockholders settled and their proportionate rights to recover, and liabilities to contribute, adjusted in a single suit. We are all, therefore, of opinion that this case comes within the equity jurisdiction of the court and that an action at law will not lie."

What was once judicially declared to be "the settled doctrine of this court" seems to be somewhat unsettled by two later cases upon which Lindquist relies in the present case. One is *Burke v. Scheer*, 89 Neb. 80, a case involving the collection of assessments from members of a mutual hail insurance company to pay losses. A provision of the act under which the company operated prescribed a remedy by suits at law to enforce payment of assessments. The court so held. Without referring to former decisions holding that the remedy to enforce the maximum liability of stockholders of a state bank is a suit in equity, the opinion in *Burke v. Scheer*, 89 Neb. 80, contains dicta of a different import. What was not necessary to a decision in that case was followed in *Dickinson v. Kline*, 96 Neb. 435. In the latter case the insolvent was not a banking corporation and the action was one for the recovery of unpaid subscriptions for stock. Under the facts it was held that the proper remedy was a suit in equity and the rulings relating to the remedy were summarized in the syllabus as follows:

"The proceedings against the stockholders of an insolvent corporation by or in behalf of the creditors of the corporation to recover the full amount for which each stockholder is liable as fixed by his contract must be an action at law in which defendant is entitled to trial by jury. When the amount for which each stockholder is liable is unknown, but must be determined in the action, and depends upon equities to be adjusted among creditors or stockholders, or both, the action must be in equity." *Dickinson v. Kline*, 96 Neb. 435.

In the opinion there is no direct reference to the constitutional provision relating to the double liability of stockholders in banking corporations nor to former decisions holding that the remedy to enforce that liability to the full extent of the par value of the stock is a suit in equity. In so far as *Burke v. Scheer*, 89 Neb. 80, and *Dickinson v. Kline*, 96 Neb. 435, are at variance with the earlier cases cited herein, the dicta are disapproved.

Another recent case cited in oral argument was *Hill v. May*, 115 Neb. 690. The controlling question therein decided is not involved in the present inquiry. The opinion properly holds that a suit on a promissory note given by a stockholder for an assessment of stock to restore the reserve or the solvency of a bank was an action at law.

Upon a consideration of the whole controversy the earlier cases cited are followed and the conclusion is that the proper remedy to enforce the maximum liability imposed by the Constitution upon stockholders of an insolvent state bank is a suit in equity against all of them for the benefit of all the creditors. This is the view taken by the district court and the judgment below is

AFFIRMED.