E. J. DEMPSTER, RECEIVER, APPELLANT, V. STANLEY WILLIAMS ET AL., APPELLEES.

FILED JULY 16, 1929. No. 26641.

*C. M. Skiles* and *I. D. Beynon*, for appellant.

*Heasty, Barnes & Rain, E. A. Wunder* and *J. A. Brunt*, contra.

Heard before Goss, C. J., Dean, Thompson, Eberly and Day, JJ., and Chase and Redick, District Judges.

Chase, District Judge.

The receiver of the insolvent Endicott State Bank brought this action against the defendants, appellees here, to recover for the so-called double liability of stockholders in banking corporations under the Constitution of this state. The defendants assail the plaintiff's amended petition by general demurrer, for the reason that the same does not state facts sufficient to constitute a cause of action. This demurrer was sustained by the trial court, and the plaintiff, having elected to stand upon its petition, refused to plead further, whereupon the action was ordered dismissed. For the purpose of disposing of this case, the parties will be designated as plaintiff and defendants as they appeared in the court below.

The only question presented by the record is whether or not upon the face of the petition it appears that the action is barred by the statute of limitations. The plaintiff relies for his recovery against the defendants, who are stockholders of the failed Endicott State Bank, upon sections 4 and 7, art. XII, of the state Constitution.

In order to determine the question presented by the demurrer, resort must be had to the allegations of the petition. This action was commenced on July 22, 1927. The petition avers, *inter alia*, the following facts: That plaintiff is the receiver of the Endicott State Bank; that the Endicott State Bank was a banking corporation operating under the laws of Nebraska; that the claims of preferred depositors were allowed on the 14th day of September, 1922, amounting to $41,161.43, and on October 14, 1922, the

court ordered said claims paid out of the guaranty fund; that said preferred depositors' claims were paid from the guaranty fund on or about December 30, 1922; that on January 8, 1923, the physical property of this bank, including the real estate, notes and bills, were sold and converted into cash, amounting to $5,530, which was held by the receiver until October 7, 1925, when an order of court was made directing the receiver to turn over said fund to the depositors' guaranty fund, and thereupon on said date the assets of said bank became exhausted; that on July 15, 1927, it was adjudged and ascertained in said receivership proceedings by the court that the exact amount justly due from said Endicott State Bank was the sum of $45,747.42; that on said date the court also found that the amount realized from the assets of said bank was $21,394.12, and that the balance remaining was the sum of $24,393.30; that, this sum having accrued while the defendants were stockholders of said bank, the court ordered the receiver to proceed to collect the amount from the stockholders. The court also found that some of the stockholders had paid their double liability, and, allowing credit therefor, the amount to be collected from the defendants was reduced to $22,593.30. This epitomized statement of the facts will suffice for our determination of the issue involved.

All the parties seem to agree that, in an action to collect a stockholder's liability under the constitutional provisions herein quoted, it is first necessary to have the amount justly due ascertained and judicially determined before the present action can lie.

The appellant contends that the amount of the deficit was not ascertained until July 15, 1927, at which time the amount due from the stockholders was judicially determined, while the appellee contends that the petition shows upon its face that the claims of creditors were allowed on September 14, 1922; that all of the physical property, real estate, notes and bills were converted into cash on January 8, 1923, and it was upon this date that the amount of the deficit was ascertained and judicially determined; that

more than four years have elapsed since, and the bar of the statute precludes the right to bring the present action.

The appellees cite, in support of their contention, *Hastings v. Barnd,* 55 Neb. 93. We have carefully considered that case and reach the conclusion that it is easily distinguishable from the instant case. In that case it was not alleged in the petition that the claim of the bank had been ascertained, either by reducing it to judgment or proving it and having it allowed. Neither was it alleged that the corporate assets were exhausted. These facts sufficiently appear in this case. This court unquestionably reached the right conclusion in *Hastings v. Barnd,* but, had the petition in that case contained the allegations present in this case, the court would, we think, without doubt, have reached a different conclusion.

In *State v. German Savings Bank,* 50 Neb. 734, cited by appellees, which came to this court upon the proposition as to whether or not the order appealed from was a final order, the statute of limitations was not directly involved.

In *Bodie v. Pollock,* 110 Neb. 844, this court in construing the identical constitutional provisions involved here established the following rule:

"Sections 4 and 7, art. XII, of the Constitution, are self-executing when considered together, as they have been and should be; and, so considered, they form a complete constitutional rule to the effect that, while stockholders in banks are subject to double liability set out in said sections, such liability cannot be enforced until the property of the bank has been exhausted, and the amount justly due judicially determined."

These two sections must be construed together, and when so considered the court has said they are self-executing. Neither are complete standing alone; but, when considered as one, both the substantive law and the remedy are sufficiently declared to make them self-executing and need no legislative action to carry them into effect.

Section 7 provides: "Every stockholder in a banking

corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held to an amount equal to his respective stock or shares so held, for all its liabilities accruing while he remains such stockholder."

It will be noted that by this section the stockholders' double liability is created. It is this section which declares the substantive law.

Section 4 provides: "In all cases of claims against corporations and joint stock associations, the exact amount justly due shall be first ascertained, and after the corporate property shall have been exhausted the original subscribers thereof shall be individually liable to the extent of their unpaid subscription, and the liability for the unpaid subscription shall follow the stock."

The latter section prescribes the remedy by declaring the method and the time when the liability provided by section 7 becomes enforceable against the stockholders. By a careful reading of these two sections, their interdependence immediately becomes apparent.

This court has held in the case of *State v. Farmers State Bank*, 113 Neb. 497, that an action to recover stockholders' liability could not be maintained before the assets were sold and applied, and the amount due on stockholders' liability judicially determined.

If in the present case the property of the bank was sold and the proceeds applied toward the payment of the bank's debts, just when as a matter of law did this occur? On September 14, 1922, the preferred claims were allowed by the court. The finding of the court on the facts then before it could amount to no more than that the corporation owed debts, as it is well established that between bank and depositor the relation of debtor and creditor is created. On January 8, 1923, the court ordered the property of the corporation sold. The action of the court at this juncture of the proceeding had the effect of ordering conversion of the property into cash for the purpose of liquidation. On

October 7, 1925, the court ordered the receiver to pay all moneys in his hands from the sale of the bank's property into the depositors' guaranty fund. When this was done on October 7, 1925, the bank's assets became entirely exhausted. On the 15th day of July, 1927, according to the petition (which must be considered as true for the purpose of the demurrer), the court determined the amount of debts of the bank left unpaid after applying all the proceeds from the sale of the bank's property thereon, and found that this amount of indebtedness accrued while the defendants below were stockholders, and ordered the receiver to proceed to collect the amount. In view of the attendant circumstances, the time which elapsed between the exhaustion of the assets and the order determining the amount due from the stockholders did not amount to an unreasonable delay in taking the necessary steps to set the statute in motion. At any rate it is not made to appear how the defendants could have suffered any injury by such delay.

We think that it was the order of July 15, 1927, that ascertained the exact amount justly due, and judicially determined that such sum was justly due; that it was upon this date that the cause of action to collect the double liability from the stockholders actually accrued. It therefore follows that the statute of limitations has not barred the action. The action of the trial court in sustaining the demurrer was wrong. For reasons herein stated, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.