E. H. LUIKART, RECEIVER OF BENNINGTON STATE BANK, APPELLEE, V. GUS BUNZ ET AL., APPELLANTS.

FILED JANUARY 26, 1934. No. 28710.

*Charles W. Haller,* for appellants.

*F. C. Radke, Barlow Nye, James H. Hanley* and *Robins & Yost, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and CHAPPELL and LANDIS, District Judges.

DAY, J.

This is a suit in equity brought by the receiver of an insolvent state bank to recover the stockholders' double liability for the benefit of all unpaid creditors of the banking corporation. All the stockholders in said bank were made defendants, and judgments were entered against each for the amount of their liability as determined by their ownership of the corporate stock of the bank.

The appellants' challenge to the right of the receiver

of the bank will be considered first. It is conceded that this court has held: "The remedy for the enforcement of the entire double liability imposed by the Constitution upon stockholders of a state bank in the event of insolvency is a suit in equity by a creditor for the benefit of all the creditors, or by the receiver, against all the stockholders." *Rogers v. Selleck* (1928) 117 Neb. 569. See, also, *Brownell v. Anderson,* 117 Neb. 652, and *Brownell v. Adams,* 121 Neb. 304. The opinion in *Rogers v. Selleck, supra,* was based upon the holding in *State v. Farmers State Bank* (1925) 113 Neb. 497, in which it was held: "When a bank has become insolvent, a receiver appointed, the assets of the bank sold and applied, and the amount due on the stockholders' liability judicially determined, the receiver of such bank may prosecute an action to recover same, under the supervision of the court." And, quoting from the body of the opinion: "If the amount due on the stockholders' liability had been judicially determined, one creditor, in behalf of himself and all other creditors, or the receiver of such bank, under the direction of the court, could prosecute an action to recover same. Section 8038, Comp. St. 1922, provides: 'Every receiver, immediately upon taking possession, * * * may, if necessary, enforce the liabilities of stockholders, officers, or directors.' See, also, *Farmers Loan & Trust Co. v. Funk,* 49 Neb. 353; *State v. German Savings Bank,* 65 Neb. 416. That part of the opinion in *Hamilton Nat. Bank v. American Loan & Trust Co.,* 66 Neb. 67, wherein it is held that 'a receiver can proceed to the enforcement of such liability only at the instance of the creditors themselves' is out of harmony with our holdings above cited, and is in direct conflict with section. 8038, *supra,* and to that extent is overruled."

However, section 8038, Comp. St. 1922, was repealed in 1929. Laws 1929, ch. 38. A similar provision was enacted in 1933. Laws 1933, ch. 18, sec. 59, Comp. St. Supp. 1933, sec. 8-1,130. This suit was filed January 26, 1932, at a time when there was no statutory provision relative

to this subject. However, section 7, art. XII of the Constitution, as amended in 1930, provides: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held to an amount equal to his respective stock or shares so held, for all its liabilities accruing or existing while he remains such stockholder, and all banking corporations shall publish quarterly statements under oath of their assets and liabilities. The stockholder shall become individually responsible for the liability hereby imposed, immediately after any such banking corporation, or banking institution shall be adjudged insolvent, and *the receiver of said corporation or institution shall have full right and lawful authority, as such receiver, forthwith to proceed by action in court to collect such liabilities;* and the provisions of section 4, article XII, of the Constitution of the state of Nebraska shall not be construed as applying to banking corporations or banking institutions." Comp. St. Supp. 1933. In *Bodie v. Pollock,* 110 Neb. 844, it is held by this court that section 7, art. XII of the Constitution, is self-executing. Therefore, instead of the statutory provision mentioned in *State v. Farmers State Bank, supra,* we have in this case a self-executing provision of the Constitution which provides that the receiver shall prosecute the action for stockholders' liability, which provision of the Constitution became effective in 1930. This provision of section 7, art. XII of the Constitution, does not change the liability of the defendants but merely relates to the remedy. Because it only provides the remedy by which the constitutional liability shall be enforced, it is applicable to this case. No vested rights are impaired by statutory or constitutional provision which creates a remedy for an existing right. 12 C. J. 975; *Stein v. Indianapolis Bldg. Loan Fund & Savings Ass'n,* 18 Ind. 237; *Whipple v. Farrar,* 3 Mich. 436, 64 Am. Dec. 99; *Atkins v. Atkins,* 18 Neb. 474; *Lycoming v. Union,* 15 Pa. St. 166, 53 Am. Dec. 575.

This suit, commenced by the receiver January 26, 1932, to enforce bank stockholders' liability, is the remedy provided by section 7, art. XII of the Constitution. Without respect to the constitutional provision, the rule is in harmony with all the decisions of this court except one expressly overruled. The constitutional mandate requires that we adhere to that rule.

The appellants complain that the suit was prematurely brought. The constitutional double liability of stockholders of insolvent state bank could not be enforced under the Constitution as it was prior to 1930, until its assets had been exhausted, and the amount due thereon had been judicially determined. *Dempster v. Williams,* 118 Neb. 776; *Rogers v. Selleck,* 117 Neb. 569; *State v. Banking House of A. Castetter,* 116 Neb. 610; *State v. Farmers State Bank,* 113 Neb. 497; *Bodie v. Pollock,* 110 Neb. 844. The evidence shows that all of the tangible assets of the bank were disposed of, the proceeds thereof distributed, and on January 20, 1932, the district court for Douglas county, Nebraska, judicially ascertained the exact amount justly due to the creditors of the bank from the stockholders, after applying the proceeds of all of the corporate property, and fixed that amount as $92,-821.91. But the appellants contend that there is pending a suit by the receiver against the directors of said bank to recover $174,840.76. The evidence discloses that the defendants, two of whom are appellants herein, filed demurrers to the petition, which were sustained February 26, 1932, and subsequently on July 25, 1932, plaintiff not desiring to plead further, the cause was dismissed.

The trial in the case at bar was commenced July 25, 1932, and lasted two days. Thereupon the court took the case under advisement until October 4, 1932. One question raised by demurrer in the directors' case was that the petition itself showed that the statute of limitations had run. There is no evidence that an appeal was taken. If an appeal had been taken, there was ample time for appellants to have introduced evidence of that fact prior

to the decision of this case on October 4, 1932. As the record stands, the conclusion is inevitable that the liability of the directors had been finally determined.

Even if the judgment of the court .that the assets of the bank had been exhausted were subject to collateral attack, a question not necessary to determine here, there is no evidence here that the judgment was wrong or that there were any assets of the bank which had not been exhausted. The suit was not prematurely brought.

Another assignment of error, relating to the failure of the trial court to decree exempt the homestead and after-acquired property of one appellant, a married woman, does not present a question for determination in this case.

AFFIRMED.