E. H. LUIKART, RECEIVER, APPELLANT, v. J. E. PAINE ET AL., APPELLEES.

FILED FEBRUARY 27, 1934. No. 28843.

*F. C. Radke, Barlow Nye, G. E. Price* and *Bert L. Overcash,* for appellant.

*Squires, Johnson & Johnson* and *Henry E. Dress, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MEYER, District Judge.

DAY, J.

This is a suit to collect the constitutional double liability of stockholders in the Farmers State Bank of Stapleton. The trial court decreed that the suit was prematurely brought, because the assets of the bank had not been exhausted, and dismissed the cause of action. The receiver appeals.

The Stapleton bank was organized in 1925, when all the capital stock was subscribed and purchased. None of the stock has been held by the bank since organization. At the time of the purchase of the stock, the constitutional stockholders' double liability was provided as follows:

"Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held to an amount equal to his respective stock or shares so held, for all its liabilities accruing while he remains such stockholder," etc. Const. art. XII, sec. 7.

"In all cases of claims against corporations and joint stock associations, the exact amount justly due shall be first ascertained, and after the corporate property shall

have been exhausted the original subscribers thereof shall be individually liable to the extent of their unpaid subscription, and the liability for the unpaid subscription shall follow the stock." Const. art. XII, sec. 4.

These provisions have been construed together for the determination of the stockholders' liability in banking corporations. The constitutional double liability of stockholders in banking corporations was, prior to the amendment of 1930, a secondary liability to be enforced only after assets had been exhausted and the amount due on liability had been judicially determined. *State v. German Savings Bank,* 50 Neb. 734; *Farmers Loan & Trust Co. v. Funk,* 49 Neb. 353; *Bodie v. Pollock,* 110 Neb. 844; *State v. Farmers State Bank,* 113 Neb. 497; *Rogers v. Selleck,* 117 Neb. 569.

Stockholders' double liability in banking corporations is contractual obligation and by construction constitutional provisions in effect at the time of purchase of corporate stock are material parts thereof. *Allen v. White,* 103 Neb. 256; *Brownell v. Adams,* 121 Neb. 304; *Bourne v. Baer,* 107 Neb. 255; *Rogers v. Selleck,* 117 Neb. 569. This has been the holding in so many cases that it is impractical to cite all of them. It is the general rule. 14 C. J. 843.

In 1930, section 7, art. XII of the Constitution, was amended to read as follows (the change is shown in italics): "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held to an amount equal to his respective stock or shares so held, for all its liabilities accruing *or existing* while he remains such stockholder, and all banking corporations shall publish quarterly statements under oath of their assets and liabilities. *The stockholder shall become individually responsible for the liability hereby imposed, immediately after such banking corporation, or banking institution shall be adjudged insolvent, and the receiver of said corporation or institution shall have full*

*right and lawful authority, as such receiver, forthwith to proceed by action in court to collect such liability; and the provisions of section 4, article XII, of the Constitution of the state of Nebraska shall not be construed as applying to banking corporations or banking institutions."* Comp. St. Supp. 1933.

It is argued that this merely changes the remedy for an existing substantive right. In *Luikart v. Bunz,* 125 Neb. 867, we held that the receiver could bring a suit to recover stockholders' liability for the benefit of all the creditors; that the provision authorizing the receiver to maintain the suit was remedial. But it was also held that, prior to the 1930 amendment, stockholders' liability could not be enforced until the assets had been exhausted and the amount of the debts had been judicially determined. In that case, the assets had been exhausted and the amount then due creditors had been judicially determined.

The precise question presented here is the nature of the obligation created by the purchase of bank stock in 1925. The contractual obligation created was with respect to then provisions of the Constitution. It requires drawing a line of demarcation between substantive and adjective law. Provisions for the enforcement of an existing substantive right do not of course impair vested rights. Examples of such provision relate to who shall bring suit for benefit of all creditors; to which court jurisdiction shall be given; and other matters of procedure. State Constitution changing procedure in suit on contractual liability does not impair obligations of contract and is applicable to existing contracts.

However, amendment to the Constitution, changing the substantive rights of stockholders in banking corporations where the obligation was created by the purchase of stock prior to the adoption of the amendment, is not applicable. The contractual obligation was determined by the constitutional provision existing at the time of purchase. To permit such a change of contract would violate section 10,

art. I of the Constitution of the United States. The nature and extent of bank stockholders' double liability are determinable under constitutional provision extant when stock is purchased.

When the defendants in this case purchased their stock in 1925, their liability was a secondary obligation which could only accrue after the corporate assets had been exhausted and the amount then due creditors had been judicially determined. The obligation cannot be changed by subsequent constitutional amendment changing the obligation to a primary one imposed immediately upon adjudication of insolvency. But this amendment, if applicable to stock purchased prior to its adoption, would materially change the contractual liability. Therefore, the liability in this case must be determined under the Constitution as it existed prior to the amendment of 1930. The assets had not been exhausted in the instant case, and the amount necessary to pay all the creditors had not been judicially determined. The suit was prematurely brought.

The trial court made comprehensive and exhaustive findings of fact which it is unnecessary to review and a discussion of which is here unnecessary and improper, since the suit is dismissed as prematurely brought, and no other fact is here determined.

AFFIRMED.