E. H. LUIKART, RECEIVER, APPELLANT, v. M. A. HIGGINS ET AL., APPELLEES.

FILED FEBRUARY 14, 1936.   No. 29506.

*F. C. Radke, Leon L. Hines* and *George I. Craven,* for appellant.

*Butler & James, R. D. Druliner* and *Victor Westermark, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

This is a suit in equity instituted by the receiver of the Farmers & Merchants State Bank of Benkelman to recover stockholders' double liability under section 7, art. XII of the Constitution of the state of Nebraska, as amended in 1930. The constitutional provision is set out here with the words added by the amendment of 1930 in italics:

"Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held to an amount equal to his respective stock or shares so held, for all its liabilities accruing *or existing* while he remains such stockholder, and all banking corporations shall publish quarterly statements under oath of their assets and liabilities. *The stockholder shall become individually responsible for the liability hereby imposed, immediately after any such banking corporation, or banking institution shall be adjudged insolvent, and the receiver of said corporation or institution shall have full right and lawful authority, as such receiver, forthwith to proceed by action in court to collect such liabilities; and the provisions of section 4, article XII, of the Constitution of the state of Nebraska shall not be construed as applying to banking corporations or banking institutions.*"

Section 4, art. XII of the Constitution, provides:

"In all cases of claims against corporations and joint stock associations, the exact amount justly due shall be first ascertained, and after the corporate property shall have been exhausted the original subscribers thereof shall be individually liable to the extent of their unpaid subscription, and the liability for the unpaid subscription shall follow the stock."

In *Bodie v. Pollock,* 110 Neb. 844, 195 N. W. 457, this court construed these constitutional provisions before the 1930 amendment as follows: "Sections 4 and 7, art. XII of the Constitution, are self-executing when considered together, as they have been and should be; and, so considered, they form a complete constitutional rule to the effect that, while stockholders in banks are subject to the double liability set out in said sections, such liability cannot be enforced until the property of the bank has been exhausted, and the amount justly due judicially determined." In *Dempster v. Williams,* 118 Neb. 776, 226 N. W. 446, it was said: "Neither are complete standing alone; but, when considered as one, both the substantive law and the remedy are sufficiently declared to make them self-executing and need no legislative action to carry them into effect."

The defendants were stockholders in the bank at the time it was closed. When this suit was filed, the exact amount justly due creditors of the bank had not been judicially determined, and the assets had not been exhausted.

This court recently held in a similar case that the suit to recover the constitutional stockholders double liability was prematurely brought under such conditions. *Luikart v. Paine,* 126 Neb. 251, 253 N. W. 86. A reexamination of the legal principles announced in that case is requested here. A summary of the holding there is that stockholders' double liability in state banking corporations is a contractual liability and constitutional provisions at the time of purchase are material parts thereof; that the contractual obligation is determined under the Constitution extant at the time of purchase; and that a suit based on stock purchased prior to

the 1930 amendment, brought before the corporate assets are exhausted and the exact amount justly due is judicially determined, is premature.

The basis of that judgment was that the amendment changed the nature of the contractual obligation from a secondary or contingent liability to a primary or absolute one. The contractual obligation as it existed prior to the 1930 amendment was to pay an amount equal to the amount of his stock for the benefit of creditors, whose claims accrued while a stockholder, when the assets had been exhausted and the amount justly due had been judicially determined. It would be a claim contingent upon a failure of the assets to produce enough to satisfy the claims of the creditors. But the amendment, if applicable to stockholders who purchased bank stock prior to its adoption, would materially change the nature of the obligation to a primary or absolute liability. Absolute because it would be payable when the bank was adjudged insolvent without any relation to the necessity for the fund to pay creditors of the bank. The contractual obligation was fixed by the constitutional provision as it existed at the time of the purchase. To permit such a change of contractual obligations as suggested would violate section 10, art. I of the Constitution of the United States, which prohibits a state from impairing the obligation of a contract by law. Upon a reexamination, we adhere to the opinion in *Luikart v. Paine, supra.*

Again, the 1930 amendment changes the time for payment of the stockholders' double liability from the time when the assets of the bank are exhausted to immediate payment upon an adjudication of insolvency. It would seem that this court may take judicial notice of the public records of the state that the liquidation of insolvent state banks requires several years. This change in the time of payment accelerates the date the liability is due and thus changes the obligation. Since time and method of payment are material parts of contractual obligations, a change thereof is an impairment. U. S. Const. art. I, sec. 10.

The acceleration of the time of payment, which the 1930

amendment provides, deprives the stockholder of the use of the money for the period of time required for the liquidation of the bank. This increases the obligation materially, and increases the contractual liability. *O'Connor v. Hartford Accident & Indemnity Co.*, 97 Conn. 8, 115 Atl. 484; *Shouse v. Quinley*, 37 Pac. (2d) (Cal.) 89; *Edwards v. Kearzey*, 96 U. S. 595.

We have not been unmindful that the legislature may change the remedy and the methods of procedure under a past as well as a future contract. See *Luikart v. Bunz*, 125 Neb. 867, 252 N. W. 473, where these constitutional questions were discussed in so far as they changed the remedy. But this court is unanimously of the opinion that the 1930 amendment is much more than a change of remedy.

However, it is urged that the surplus over that required to pay the creditors of the bank could be returned to the stockholders. There is no provision for such repayment. The constitutional double liability of stockholders of a state bank is not an asset of the bank but is for the benefit of all the unpaid creditors of a bank. *State v. Citizens State Bank*, 118 Neb. 337, 224 N. W. 868. It creates a common trust fund for the protection of all the creditors of a bank. *Farmers Loan & Trust Co. v. Funk*, 49 Neb. 353, 68 N. W. 520. No method of redistribution of this fund to stockholders has been indicated to us. It is very questionable whether stockholders could recover payments in excess of that required to pay the creditors of the bank.

As to one of the defendants, the contractual obligation is changed in a vital manner. This stockholder did not own the stock when the liability accrued but acquired it afterwards. The amendment changed the contractual obligation materially by the addition of the words *or existing* because it made him liable to the creditors not only for liabilities accruing but also existing while he remains a stockholder.

Finally, section 16, art. I of the Constitution of Nebraska, provides that no law impairing the obligations of contracts shall be passed. This is a section of our Bill of Rights. "Upon the adoption of an amendment to a Constitution, the

amendment becomes a part thereof; as much so as if it had been originally incorporated in the Constitution; and it is to be construed accordingly. If possible, it must be harmonized with all the other provisions of the Constitution." Cooley, Constitutional Limitations (8th ed.) 129. The well-recognized rule applicable here is that effect is to be given, if possible, to the whole instrument and to every section and clause. The Constitution as amended must be construed as a whole. *Hooper Telephone Co. v. Nebraska Telephone Co.*, 96 Neb. 245, 147 N. W. 674. Now section 16, art. I, is not necessarily repugnant to section 7, art. XII. The adoption of this amendment does not repeal by implication the effect of the former. Applying the rule above stated and giving effect to every section and every clause of the whole instrument, the 1930 amendment cannot change the contractual obligation of a stockholder in state banks. Section 16, art. I, could be transposed and added as an integral part of section 7, art. XII, and it then clearly appears, even to a partisan observer, that the Constitution as amended does not change the obligation of existing contractual relations. No other conclusion would give effect to every part of the instrument. So that the decision in *Luikart v. Paine, supra,* conforms to a proper construction of the Nebraska Constitution. The bank stock upon which the superadded constitutional stockholders' liability is sought to be imposed in this case was purchased and the liabilities accrued thereon prior to the amendment of 1930, and the contractual obligation is determined under the Constitution as it then existed.

A constitutional amendment operates prospectively only, unless the words employed show a clear intention that it should have a retrospective effect. It is a rule, says Cooley, Constitutional Limitations (8th ed.) 136, of "such obvious convenience and justice, that it must always be adhered to in the construction of statutes, unless in cases where there is something on the face of the enactment putting it beyond doubt that the legislature meant it to operate retrospectively." And we are aware of no reasons applicable to ordinary

legislation which do not upon this point apply equally well to Constitutions. This rule is now supported by abundant authority. See *Shreveport v. Cole*, 129 U. S. 36; *State v. Houdersheldt*, 151 Minn. 167, 186 N. W. 234.

This action was, therefore, properly dismissed because it was brought prematurely.

AFFIRMED.